UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
FELIX GOMEZ,

    Plaintiff,

Case Number 1:21-cv-02172

**EMERGENCY ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

KEHILAS BAIS YISROEL;
JOSEPH WARTELSKY; U.S. BANK TRUST, N.A.; U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST;
BANK OF AMERICA, N.A.;
CALIBER HOME LOANS, INC.;
JOHN DOES 1-10,

    Defendant(s).

4/1/2021 The TRO application is denied. The parties are directed to propose a briefing schedule on the requested Preliminary Injunction. The Court will hold a conference on Wednesday, April 7 at 12 noon. The Defendants are directed to respond to the proposed OTSC by close of business Tuesday, April 6.  SO ORDERED.

*[signature: Paul A. Crotty]*

-------------------------------------------------------X

Upon the Affirmation of J.A. Sanchez, Esq., dated March 31, 2021, the Affidavits of Plaintiff Felix Gomez, dated March 31, 2021, and upon the papers filed in the Southern District of New York attached hereto, it is

    ORDERED, that the above named Defendant(s) show cause before a motion term of this Court, at Room _____, United States Court of Appeals for the Second Circuit, 40 Foley Square, in the City, County and State of New York, on _____ _____, _____ o'clock in the _____ noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure providing that a) the Defendant(s), or any marshall, are enjoined during the pendency of this action from prosecuting the matter Kehilas Bais Yisroel v Felix Gomez, et. al. in the Civil

Court of the City of New York, County of Queens, Index No. 73238/19 and executing on any warrant of eviction obtained pursuant to that action, including but not limited to the attempt to evict the Plaintiff from the Home in the midst of a pandemic pursuant to the Order to Show Cause in that action attached hereto as Exhibit C and b) the Defendant(s) are enjoined during the pendency of this action from seeking distribution of the surplus monies obtained from the foreclosure sale of the Home under Queens Supreme Court Index No. 713441/2016, including but not limited to the attempt by Defendant U.S. Bank Trust via Notice of Motion attached hereto as Exhibit D to appoint a referee to confirm the Report of Sale and distribute the payment of the surplus to Defendant Bank of America, and it is further

ORDERED that, sufficient reason having been shown therefor, pending the hearing of Plaintiff's application for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, a) the Defendant(s), or any marshall, are enjoined during the pendency of this action from prosecuting the matter Kehilas Bais Yisroel v Felix Gomez, et. al. in the Civil Court of the City of New York, County of Queens, Index No. 73238/19 and executing on any warrant of eviction obtained pursuant to that action, including but not limited to the attempt to evict the Plaintiff from the Home in the midst of a pandemic pursuant to the Order to Show Cause in that action attached hereto as Exhibit C and b) the Defendant(s) are enjoined during the pendency of this action from seeking distribution of the surplus monies obtained from the foreclosure sale of the Home under Queens Supreme Court Index No. 713441/2016, including but not limited to the attempt by Defendant U.S. Bank Trust via Notice of Motion attached hereto as Exhibit D to appoint a referee to confirm the Report of Sale and distribute the payment of the surplus to Defendant Bank of America.

ORDERED that security in the amount of $_____ be posted by the Plaintiff prior to _____ _____, _____, at _____ o'clock in the _____ noon of that day; and it is further

ORDERED that service of a copy of this Order and annexed papers on the Defendants (accompanying the Summons and Verified Complaint to be served on the Defendants) on or before _____ o'clock in the _____ noon, _____ _____, _____ shall be deemed good and sufficient service thereof.

Dated: New York, NY

ISSUED: _____

                                                                                                                      _____
United States Judge for the Southern District of New York

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
FELIX GOMEZ,

    Plaintiff,

Case Number 1:21-cv-02172

**<u>AFFIRMATION</u>**

KEHILAS BAIS YISROEL;
JOSEPH WARTELSKY; U.S. BANK TRUST,
N.A.; U.S. BANK TRUST, N.A., AS
TRUSTEE FOR LSF9 MASTER
PARTICIPATION TRUST;
BANK OF AMERICA, N.A.;
CALIBER HOME LOANS, INC.;
JOHN DOES 1-10,

    Defendant(s).

---------------------------------------------------------X

J.A. Sanchez, Esq., an attorney admitted to practice before the Courts of this New York State, affirms the truth of the following under the penalty of perjury, with all allegations stated upon information and belief:

1. I am the attorney of record, representing the Plaintiff in the above-captioned action, and I am familiar with all the facts and circumstances of the matters set forth herein.

2. I make this Affirmation in support of a motion brought by way of an Order to Show Cause, directing that the Defendants show cause as to why this Court should not enter an order providing:

    a. pursuant to Rule 65 of the Federal Rules of Civil Procedure that the Defendant(s), or any marshall, are enjoined during the pendency of this action from prosecuting the matter Kehilas Bais Yisroel v Felix Gomez, et. al. in the Civil Court of the City of New York, County of Queens, Index No. 73238/19 and executing on any warrant of eviction obtained pursuant to that action, including but not limited to the attempt to evict the

      Plaintiff from the Home in the midst of a pandemic pursuant to the Order to Show Cause in that action attached hereto as Exhibit C;

   b. pursuant to Rule 65 of the Federal Rules of Civil Procedure that the Defendant(s) are enjoined during the pendency of this action from seeking distribution of the surplus monies obtained from the foreclosure sale of the Home under Queens Supreme Court Index No. 713441/2016, including but not limited to the attempt by Defendant U.S. Bank Trust via Notice of Motion attached hereto as Exhibit D to appoint a referee to confirm the Report of Sale and distribute the payment of the surplus to Defendant Bank of America.

   c. That the Court grant such other and further relief as may be just, proper and equitable.

3. I have recently filed a Verified Complaint in this action (attached hereto as Exhibit B), and have sent the same to a copy service, which has delayed delivery of the papers to me for over a week and a half (almost two weeks) since the deadline the copy service had ensured me that it would be ready.  They informed me that there was an issue with securing the paper, and then a problem with the binding.  Given supply issues during this pandemic, I have to assume that the copy service, which has always previously handed projects back to me on deadline, is telling me the truth.

4. As I waited for these papers in order to provide them to my process server, I received two motions in separate actions related to the Home the subject of the instant action.

5. First, I received the Order to Show Cause in an eviction action before the Civil Court of the City of New York, County of Queens, Index No. 73238/19 pursuant to which the Defendant(s) KEHILAS BAIS YISROEL and JOSEPH WARTELSKY seek to evict the Plaintiff from the Home in the midst of a pandemic (See Exhibit C).

6. Second, I received the Motion in Queens Supreme Court Index No. 713441/2016, pursuant to which Defendant U.S. Bank Trust seeks to appoint a referee to confirm the Report of Sale and distribute the payment of the surplus to Defendant Bank of America (See Exhibit D).

7. As demonstrated below and in the Plaintiff's Affidavits attached hereto as Exhibit A, immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard via its papers in opposition, and it is for this reason that we request that this Court a) grant a temporary restraining order in this action as requested above, pending a hearing on the merits and b) order that service of a copy of this Order and annexed papers on the Defendants, accompanying the Summons and Verified Complaint to be served on the Defendants, on or before a date to be determined by the Court (kindly considering the fact that, due to the Jewish holidays, some Defendants in this action cannot be served until early next week) shall be deemed good and sufficient service thereof.

8. The instant matter involves the Plaintiff's loss of his Home to a complex scheme developed and executed by Defendants.

9. As explained in further detail in the 40 page Verified Complaint attached hereto as Exhibit B:

> "81. Ultimately, Mr. Gomez has lost his Home to a group of persons and entities, all of whom appear to have conspired to ensure that they all benefit from Mr. Gomez' loss.
> 82. Bank of America was able (via the efforts of Bank of America's agent, Caliber, and its attorneys) to collect via the U.S. Bank Trust Foreclosure Sale (pushed forward by U.S. Bank Trust's agent, Caliber, and its attorneys in complete disregard of the right of Mr. Gomez to be provided with a payoff amount and opportunity to pay that amount to stop the foreclosure) on a Note and Mortgage which would not have been so easily collected upon by Bank of America had it pursued its own foreclosure (since it obtained its Order of Reference with the wrong copy of the Note, and simply switched to the right copy of the Note to obtain a Final Judgment of Foreclosure, hiding the fact of the switch from the Hon. Timothy Dufficy).

> 83. U.S. Bank Trust was able (via the efforts of its agent, Caliber, and its attorneys) to collect on its Note and Mortgage from the foreclosure sale of the Home, which foreclosure was guaranteed, regardless of the fact that Mr. Gomez had the money to pay off the loan. The foreclosure was guaranteed because: a) its agent, Caliber (who was also the agent of Bank of America) and U.S. Bank Trust's attorneys were able to simply dodge all of Mr. Gomez' attorney's various requests for a pay off on the loan; b) when they were unable to dodge Mr. Gomez's attorney's request for a payoff on the day before the foreclosure sale date, they simply refused to accept payment from Mr. Gomez as they deemed the same to be too late (without regard for the fact that the lateness of the payment was due to the fact that the payoff amount had only been provided to Mr. Gomez' attorney the day before the date of the sale); and c) as the foreclosure sale was imminent, they simply had Bank of America's attorney, Ms. Montaro, request a moment to renew her parking meter and then just fail to return (evidently, without any concern that she might be sanctioned by the Hon. Denis Butler for making up an excuse to leave his courtroom [to check the parking meter] and then simply fail to return).
> 84. Caliber was able to ensure both its clients received their payment, and the person within Caliber charged with this property was able to receive his/her kick-back from a speculator (upon information and belief, sophisticated speculators often deal directly with insiders at the servicer or the bank to ensure they get the best deal on a foreclosed home).
> 85. Joseph Wartelsky and Kehilas Bais Ysroel were able to obtain, for the price of $810,000, a property worth far in excess of the same (estimated to be worth $1,500,000), via a foreclosure sale system in Queens in which various speculators agree not to bid on properties considered to be in a territory reserved for other speculators, thus ensuring via such collusion that they each receive the lowest price for a given property."

10. However, in order to prosecute this matter, the resolution of which we believe is very much in the public interest, while maintaining the status quo until the matter can be carefully considered by this Court, the Plaintiff needs to stay in his Home (especially during this pandemic, as his whole family lives in the Home with him), and all surplus funds from the foreclosure sale must be maintained in one place, without any further depletion.

WHEREFORE, it is respectfully requested that the within be decided in accordance with the above, and in favor of the Plaintiff in all material respects, and for such other and different relief as the Court deems just, proper and equitable.

March 31, 2021                                       */s/ Jay Sanchez*

                                                                                                                                                                             _____

                                                                                                                                                                             Jay Sanchez

The Law Office of J.A. Sanchez-Dorta
95-27 156th Avenue
Howard Beach, NY 11414
Tel:(646) 657 -5345
Email: janthonysanchez@ post.harvard.edu
Attorney Bar Code JS3070
Counsel for Plaintiff(s)