UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
FELIX GOMEZ,

              *Plaintiff*,

   -against-                                  21-CV-2172 (PAC)

KEHILAS BAIS YISROEL, JOSEPH
WARTELSKY, U.S. BANK TRUST, N.A.,        **OPINION & ORDER**
U.S. BANK TRUST, N.A., as trustee for
LSF9 MASTER PARTICIPATION TRUST,
BANK OF AMERICA, N.A., CALIBER
HOME LOANS, INC., JOHN DOES 1-10,

              *Defendants*.
-------------------------------------------------------------X

    In October 2018, a New York state court entered a judgment of foreclosure and sale of Plaintiff Felix Gomez's home property located in Far Rockaway, Queens. Following entry of judgment, Gomez filed various emergency motions, in state court, to stop the foreclosure sale of his home. Yet he lost. And, in October 2019, his home was sold off at a foreclosure sale.

    Gomez subsequently commenced this lawsuit in federal court and shortly thereafter, moved this Court for emergency injunctive relief from the state court's foreclosure judgment. In his federal lawsuit, Gomez alleges that the bank mortgagees and current title holders of his home (collectively "Defendants") engaged in a wide-ranging conspiracy that rendered the foreclosure proceedings in state court fraudulent and *ultra vires*. In particular, he alleges that the Defendants' unlawful activities (1) constitute common law fraud and unjust enrichment, and (2) violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961.

    Because the Court does not have jurisdiction to decide this case under the *Rooker-Feldman* doctrine and Anti-Injunction Act, the case is **DISMISSED**.

1

## BACKGROUND

### I. State Court Proceedings

In 2004, Gomez executed two mortgage agreements with Fleet National Bank to finance his home property. (Compl. ¶ 10, ECF 1.) The First Mortgage was for the amount of $142,407.42, and the Second Mortgage was for the amount of $121,000.00. (*Id.*) In the ensuing years, the First Mortgage was assigned to U.S. Bank Trust and the Second Mortgage was assigned to Bank of America. (*Id.* at ¶¶ 11–12.) Both mortgages were secured by Gomez's home located at 9-09 Cornaga Avenue, Far Rockaway, New York. (*Id.* at ¶¶ 9–10.)

At some point after executing these mortgage agreements, Gomez defaulted on his mortgage payments. (*See id.* at ¶ 13.) So, in November 2016, U.S. Bank Trust initiated foreclosure proceedings on the First Mortgage in Queens County Supreme Court. (*Id.*) Bank of America (the junior mortgagee) joined in U.S. Bank Trust's foreclosure action and sought a portion of the proceeds from the foreclosure sale. (*Id.* at ¶ 35.)

On October 11, 2018, the state court entered a judgment of foreclosure and sale in favor of U.S. Bank Trust and Bank of America. (*Id.* at ¶ 45.) Faced with the loss of his home, Gomez attempted to delay the impending foreclosure sale by filing several applications for emergency injunctive relief. (*Id.* at ¶ 48–55.) Those motions, however, proved unsuccessful. (*Id.* at ¶ 55.) Gomez then appealed the denial of emergency injunctive relief to the New York State Appellate Division.[1] (*Id.* at ¶ 79.)

The foreclosure sale went forward on October 11, 2019. (*Id.* at ¶ 56.) There, the disputed property was sold for $810,000 to Joseph Wartelsky and Kehilas Bais Yisroel, a religious organization based in Far Rockaway. (*Id.*) Wartelsky and Yisroel have secured a

---

[1] Gomez's appeal in state court is currently pending. (Gomez Br. at 12, ECF 42.)

warrant of eviction against Gomez from a state court, but due to the COVID pandemic, the warrant's execution has been stayed. (*Id.* at ¶ 131.)

## II. **The Federal Action**

Having exhausted his state court remedies, Gomez filed this action in federal court on March 12, 2021. (ECF 1.) In the Complaint, Gomez alleges that the Defendants engaged in a wide-ranging conspiracy that rendered the prior foreclosure proceedings in state court fraudulent and *ultra vires*. And based on this alleged course of conduct, the Complaint pleads claims under RICO, fraud, unjust enrichment, and conspiracy (Compl. ¶ 86–116), and seeks broad injunctive relief, including rescission of the foreclosure sale and enjoinment of eviction proceedings, as well as monetary relief. (*Id.* at ¶ 137–147.)

On April 1, Gomez moved for a Temporary Restraining Order (TRO) and Preliminary Injunction against (1) the execution of the eviction warrant, and (2) the distribution of surplus monies obtained from the foreclosure sale. (ECF 4.) The Court denied the TRO application, and on April 7, convened a telephonic conference on the Preliminary Injunction motion. (Min. Entry dated April 7, 2021.) At that conference, the Court raised concerns over whether it had jurisdiction over this case in light of the *Rooker-Feldman* doctrine and Anti-Injunction Act.[2] Accordingly, the Court held the Preliminary Injunction motion in abeyance and ordered briefing on the jurisdictional issue.[3]

---

[2] At the conference, the Court also noted that this case belonged in the Eastern District because the property at issue is located in Queens, New York. *See* 28 U.S.C. § 112(c). But because the parties have waived challenges to venue, the Court need not resolve that issue.

[3] The Court set forth the following briefing schedule with respect to the jurisdictional issue: Gomez's briefing due by April 28; Defendants' responses due by May 12; and replies, if any, due by May 19. (Min. Entry dated April 7, 2021.)

Having reviewed that briefing, the Court concludes that it does not have jurisdiction to decide this case. Gomez's lawsuit effectively asks this Court to act as an appellate court in reversing the state court's foreclosure and sale judgment. But in our judicial system, only the Supreme Court retains the jurisdiction to review state court judgements. Thus, because the Court cannot exercise judicial authority that it does not have, this case must be dismissed.

## LEGAL STANDARD

"The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (cleaned up). Because subject-matter jurisdiction is a gateway issue that cannot be waived or forfeited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.*; *see also Jordan v. Levine*, No. 12 CV 3527 RRM JO, 2012 WL 2921024, at *2 (E.D.N.Y. July 17, 2012), aff'd, 536 F. App'x 158 (2d Cir. 2013).

## ANALYSIS

### I.   *Rooker-Feldman* Doctrine

"Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). This common law doctrine derives from "the principle, expressed by Congress in 28 U.S. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

Under the *Rooker-Feldman* doctrine, a district court does not have subject-matter jurisdiction to decide a case if four requirements are met. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005). "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced—i.e., *Rooker-Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation." *Hoblock*, 422 F.3d at 85 (cleaned up); *see Vossbrinck*, 773 F.3d at 426. The Court finds that all four requirements have been met in this case.

*First*, Gomez lost in state court in the course of the foreclosure proceedings. *Vossbrinck*, 773 F.3d at 426.

*Second*, Gomez's federal case complains of injuries caused by the state court's judgment of foreclosure and sale. *Id.* According to the Complaint, the Defendants engaged in a widespread and coordinated fraud in order to procure the foreclosure judgment on Gomez's home. *See supra* 3. These allegations therefore complain of injuries directly caused by the state court's foreclosure judgment. *Vossbrinck*, 773 F.3d at 426. Moreover, all of Gomez's requested relief, if granted, would have the practical effect of reversing the foreclosure judgment of the state court. *See id.* Accordingly, it is clear that the injuries alleged in this case arise directly from the state court's judgment of foreclosure and sale. *See id.*

*Third*, Gomez invites this Court to exercise appellate review and reverse the foreclosure judgment of the state court. *Vossbrinck*, 773 F.3d at 426. Gomez disputes this characterization of his federal lawsuit but the following excerpt from his own brief refutes his position:

> The acts complained of by the Plaintiff in the instant matter cannot be dealt with via an appeal in the state court, as it involves not one, but two matters and

> involves act occurring entirely off the record and behind closed doors at the offices of the various Defendants.

(Gomez Br. at 4, ECF 42.)

This representation, plain and simple, is a request for appellate review. *Cf. Morrison v. Olson*, 487 U.S. 654, 699 (1988) (Scalia, J. dissenting) ("Frequently an issue of this sort will come before the Court clad, so to speak, in sheep's clothing . . . . But this wolf comes as a wolf.").

*Fourth*, the timing requirement for the *Rooker-Feldman* doctrine is satisfied. *Hoblock*, 422 F.3d at 85 (explaining that "the state-court judgment must have been rendered before the district court proceedings commenced"). Here, the foreclosure judgment was entered by the state court in October 2018 and this federal action followed in March 2021.[4] *See id.*

In sum, because all four requirements under the *Rooker-Feldman* doctrine have been met, this case must be dismissed for lack of subject-matter jurisdiction. *Hoblock*, 422 F.3d at 85.

Gomez contends that the *Rooker-Feldman* doctrine does not apply because his Complaint pleads claims under RICO as well as other state law causes of action, including conspiracy, unjust enrichment, and fraud. (Gomez Br. at 3–4.) But merely pleading those causes of action does not preclude *Rooker-Feldman*'s application. *See Borrani v. Nationstar Mortg. LLC*, 820 F. App'x 20, 22 (2d Cir. 2020). As the Second Circuit explained in *Borrani*, the *Rooker-Feldman* doctrine deprives federal courts of jurisdiction over federal and state law causes of action where they are "based on injuries caused by the state court's judgment of foreclosure against [the

---

[4] Although Gomez's appeal in state court is pending, that does not preclude application of the *Rooker-Feldman* doctrine. *See Vossbrinck*, 773 F.3d at 426.

plaintiff] and invite the federal court to review that judgment." *Id.*; *see Vossbrinck*, 773 F.3d at 427. This argument must therefore be rejected.[5]

In reaching this conclusion on the jurisdictional issue, the Court joins the overwhelming majority of Second Circuit decisions that have applied the *Rooker-Feldman* doctrine to dismiss federal cases inviting review of state court foreclosure and sale judgments. *See, e.g., Powell v. Ocwen Loan Servicing, LLC*, 840 F. App'x 610, 611 (2d Cir. 2020); *Grundstein v. Lamoille Superior Docket Entries/Ords.*, 821 F. App'x 46, 48 (2d Cir. 2020); *Wilson v. HSBC Bank, USA*, 834 F. App'x 607 (2d Cir. 2020); *Borrani*, 820 F. App'x at 20; *Wenegieme v. Wells Fargo Home Mortg.*, 642 F. App'x 67 (2d Cir. 2016); *Vossbrinck*, 773 F.3d at 423; *Russo v. DiLieto*, 566 F. App'x 85, 86 (2d Cir. 2014); *Russo v. GMAC Mortg., LLC*, 549 F. App'x 8 (2d Cir. 2013); *In re Wilson*, 410 F. App'x 409 (2d Cir. 2011); *Ashby v. Polinsky*, 328 F. App'x 20 (2d Cir. 2009); *In re Castaldo*, 313 F. App'x 351 (2d Cir. 2008); *Garvin v. Bank of New York*, 227 F. App'x 7 (2d Cir. 2007); *Swiatkowski v. New York*, 160 F. App'x 30 (2d Cir. 2005).

## II.  <u>Anti-Injunction Act</u>

To the extent Gomez's federal action and Preliminary Injunction motion call for injunctive relief against ongoing state court proceedings, those requests also fail under the Anti-Injunction Act.[6] *See* 28 U.S. § 2283. Under the Anti-Injunction Act, this Court "may not grant

---

[5] Gomez also cites several out-of-circuit decisions for the proposition that *Rooker-Feldman* does not apply in the context of fraud claims. (Gomez Br. at 5.) However persuasive those authorities may be, the Second Circuit has not recognized an exception to the *Rooker-Feldman* doctrine for fraud claims. *See Vossbrinck*, 773 F.3d at 427 ("To the extent Vossbrinck asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars Vossbrinck's claim.").

[6] For example, in his Preliminary Injunction application, Gomez seeks to enjoin ongoing state court eviction proceedings and the distribution of surplus monies from the foreclosure sale. *See supra* 3.

7

an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *See id.* "Courts in this Circuit have long held that the Anti-Injunction Act applies to state-court evictions proceedings." *Ochei v. Lapes*, No. 19-CV-3700 (CM), 2020 WL 528705, at *4 (S.D.N.Y. Jan. 31, 2020) (citing *Watkins v. Cesar*, 88 F. App'x 458, 459 (2d Cir. 2004)).

Gomez argues that his RICO claim qualifies for the Anti-Injunction Act's "expressly authorized by Act of Congress" exception. (Gomez Br. at 7–8.) To qualify for that exception, however, "an Act of Congress must have created a specific and uniquely federal right to remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding." *Ozuzu v. Greenpoint Mortg. Funding*, No. 19CV03783AMDSMG, 2020 WL 5658776, at *6 (E.D.N.Y. Sept. 23, 2020) (quoting *Mitchum v. Foster*, 407 U.S. 225, 237 (1972)). RICO does not fit within that narrow exception and so, this case must also be dismissed pursuant to the Anti-Injunction Act. *See id.*; *Ocampo v. Countrywide Home Loans, Inc.*, No. 3:19-CV-00436 (SRU), 2020 WL 1532392, at *6 (D. Conn. Mar. 31, 2020).

## CONCLUSION

Because amendment would be futile, *see Russo*, 549 F. App'x at 10, this case is **DISMISSED** with prejudice. The Clerk of Court is respectfully directed to close all pending motions and to terminate this case.

Dated: New York, New York
      May 26, 2021

SO ORDERED

*/s/ Paul A. Crotty*
HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE